UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA | **SEALED INDICTMENT** |
| v. | S1 25 Cr. 370 |
| NAASÓN JOAQUÍN GARCÍA,<br>ROSA SOSA,<br>AZALIA RANGEL GARCÍA,<br>EVA GARCÍA DE JOAQUÍN,<br>JORAM NÚÑEZ JOAQUÍN, and<br>SILEM GARCÍA PEÑA,<br><br>Defendants. | |

## COUNT ONE
### (Racketeering Conspiracy)

The Grand Jury charges:

<u>Overview</u>

1.     NAASÓN JOAQUÍN GARCÍA ("NAASÓN"), ROSA SOSA, AZALIA RANGEL

GARCÍA, EVA GARCÍA DE JOAQUÍN, JORAM NÚÑEZ JOAQUÍN, and SILEM GARCÍA

PEÑA, the defendants, and others known and unknown, abused the power, doctrine, and structure

of La Luz Del Mundo Church (the "LLDM Church" or the "Church") to threaten, coerce, and

sexually abuse girls, boys, and women in the LLDM Church; to engage in financial crimes; and to

obstruct criminal investigations into their misdeeds.  The defendants and their coconspirators

(collectively, as defined below, the "Joaquín LLDM Enterprise") executed this scheme over the

course of decades, abusing generations of Church members and then destroying evidence to

obstruct detection by law enforcement.  The defendants and their coconspirators used the LLDM

Church as a vehicle to commit sex trafficking of women and children; to induce victims, including

children, to travel to engage in forced and unlawful sex acts; to produce, receive, distribute, and possess child pornography; to employ forced labor of Church members; to illegally structure cash transactions and bulk cash smuggling; and to obstruct justice to hide their crimes.

*The History and Doctrine of the LLDM Church*

2.     The LLDM Church is a Christian church founded in Mexico in or about 1926 by Eusebio Joaquín González, who went by the name Aarón ("Aarón") and was the grandfather of NAASÓN JOAQUÍN GARCÍA, the defendant. Aarón declared himself the "Apostle" of the LLDM Church. For the entirety of the LLDM Church's existence, its leadership has been consolidated in Aarón's family and his descendants (the "Joaquín Family"), and the Church remains under the control of the Joaquín Family to this day.

3.     Aarón led the LLDM Church until his death in 1964. Upon Aarón's death, his son Samuel Joaquín Flores ("Samuel"), became the Apostle of the LLDM Church. Samuel was the Apostle of the LLDM Church until his death in 2014.

4.     Upon Samuel's death, his son NAASÓN JOAQUÍN GARCÍA, the defendant, became the Apostle of the LLDM Church, and NAASÓN remains the Apostle today.

5.     The LLDM Church is based in Guadalajara, the capital of the Mexican state of Jalisco.

6.     There are LLDM Church locations throughout the United States, including in California, New York, Nevada, Texas, Georgia, Indiana, North Carolina, South Carolina, New Jersey, and Washington D.C., among other places.

7.     The LLDM Church doctrine, propagated by Aarón, Samuel, and NAASÓN JOAQUÍN GARCÍA, the defendant, teaches, among other things, that:

      a.     The Apostle is directly chosen by God to be the Servant of God on Earth.

      b.     The Apostle cannot sin, and therefore, nothing the Apostle does is a sin.

c. The only way for members of the LLDM Church to obtain eternal salvation is to follow the teachings of the Apostle. God will punish and eternally damn anyone who doubts the Apostle, fails to follow the Apostle's teachings, or defies the Apostle.

d. Anyone who is not a member of the LLDM Church is a "gentile" and will suffer eternal damnation. Members of the LLDM Church are discouraged from associating with non-members.

e. If a member of the LLDM Church leaves the Church, they are to be ostracized by all members. Leaving the LLDM Church therefore means losing contact with any family members or friends who remain in the Church.

f. Serving the Apostle and his family is a blessing and can lead to eternal salvation.

g. Members of the LLDM Church are forbidden from engaging in any sexual contact outside of marriage. Members who engage in extramarital sexual activity have committed the sin of fornication and will be punished.

h. Members of the LLDM Church are expected to tithe a portion of their income to the LLDM Church and are frequently expected to make additional cash offerings that benefit the Apostle and the Joaquín Family.

### The Defendants Corrupted LLDM Church Culture and Doctrine to Engage in Criminal Acts

8. Aarón, Samuel, and NAASÓN JOAQUÍN GARCÍA, the defendant, each abused, exploited, coerced, and threatened children, women, and others within the LLDM Church. Aarón, Samuel, and NAASÓN relied on, exploited, manipulated, and corrupted the culture, resources, and members of the LLDM Church. Through this scheme, Aarón, Samuel, and NAASÓN demanded absolute, unquestioning obedience, which they exploited to achieve criminal purposes.

3

9.     Aarón, Samuel, and NAASÓN JOAQUÍN GARCÍA, the defendant, and their coconspirators used the LLDM Church to perpetrate sexual abuse of Church members, including children, across generations. As the Apostle from the LLDM Church's founding in 1926 through his death in 1964, Aarón sexually abused girls and women. Aarón's abuse served as a model for his son, Samuel, who abused girls and women in the LLDM Church during his time as Apostle between 1964 and 2014. Samuel's abuse, in turn, served as a model for his son, NAASÓN JOAQUÍN GARCÍA, the defendant, who likewise abused girls and women in the LLDM Church during his time as Apostle, which began in or about 2014. As a result of this decades-long cycle of abuse, many of Aarón's victims were the mothers of girls and women abused by Samuel, and many of Samuel's victims were the mothers of girls and women abused by NAASÓN.

10.    Samuel relied upon a select group of adult women—including ROSA SOSA and Samuel's wife EVA GARCÍA DE JOAQUÍN, the defendants, among others—to identify girls and women for Samuel's sexual abuse and to "groom" them, *i.e.*, to convince, manipulate, and coerce victims to submit to sexual abuse and prepare the victims for abuse by exploiting the victims' ages and vulnerabilities. Alone and with the assistance of SOSA, GARCÍA DE JOAQUÍN, and others, Samuel directed minor girls to engage in sex acts, including oral sex, manual sex, and sexual intercourse with him and with other girls and women. On at least one occasion, GARCÍA DE JOAQUÍN held down a minor victim so that Samuel could rape the victim. Samuel vaginally and anally raped multiple minor girls and women. Samuel further forced minor girls to engage in sadistic sexual rituals for his sexual gratification.

11.    Following Samuel's death, ROSA SOSA and AZALIA RANGEL GARCÍA, the defendants, among others, began working for NAASÓN JOAQUÍN GARCÍA, the defendant, to help NAASÓN sexually abuse and rape children and women in the LLDM Church. SOSA and

RANGEL GARCÍA identified and primed girls and boys as young as thirteen years old for NAASÓN's sexual abuse. Alone and with the assistance of SOSA, RANGEL GARCÍA, and others, NAASÓN required minor girls and women to engage in sex acts, including oral sex, manual sex, and sexual intercourse with him. NAASÓN also directed girls, boys, and women to engage in group sex with each other for his sexual gratification. NAASÓN, with the assistance of RANGEL GARCÍA and others, also directed minors to create photographs and videos of sex acts, which were transmitted to NAASÓN by cellphone messaging applications and internet communications.

12. In addition to sexually abusing LLDM Church members, Aarón, Samuel, and NAASÓN JOAQUÍN GARCÍA, the defendant, exploited the members of the LLDM Church to enrich themselves and the Joaquín Family. Although many members of the LLDM Church had limited financial resources, members were expected regularly to tithe a portion of their income to the LLDM Church and periodically make additional cash offerings as requested by the Apostle and other LLDM Church leaders. This money was often transported by the defendants and their coconspirators to various LLDM Church locations around the world and to the Apostles' homes in Los Angeles, California, and Guadalajara, Mexico. The Apostles and the Joaquín Family, often acting through the LLDM Church's extensive hierarchy, used these cash offerings and tithes to fund the Joaquín Family's lavish lifestyles, which included purchasing luxury cars, watches, designer clothing, and first-class travel around the world.

13. NAASÓN JOAQUÍN GARCÍA, the defendant, and his aides regularly required the victims of NAASÓN's sexual abuse to travel with NAASÓN and to transport large sums of cash between and across international borders, including into and out of the United States. Prior to a trip, aides would distribute cash to the victims traveling with NAASÓN, typically in amounts

slightly under $10,000 to avoid cash reporting requirements. After arriving at their destination, the victims were required to return the cash to the aides, who then used the cash for NAASÓN and his family's personal benefit.

14. On or about June 2, 2019, NAASÓN JOAQUÍN GARCÍA, the defendant, and two accomplices were arrested in Los Angeles, California, in connection with state charges arising out of NAASÓN's sexual abuse of three minor victims and two adult victims. AZALIA RANGEL GARCÍA, the defendant, was also charged in California but remains a fugitive. Following NAASÓN's arrest, JORAM NÚÑEZ JOAQUÍN and SILEM GARCÍA PEÑA, the defendants, and others known and unknown, took steps to destroy evidence and prevent victims of the Apostles' sexual abuse from speaking to law enforcement, including by, among other things, pressuring victims to sign false declarations disclaiming that any abuse occurred; drafting and disseminating sermons stating that all sexual abuse victims were lying; reinforcing the LLDM Church doctrine that doubting the Apostle was a sin punishable by eternal damnation; destroying documents and electronic devices, and directing other LLDM Church members to do the same; and holding a victim in Mexico in an attempt to prevent the victim from cooperating with law enforcement.

The Joaquín LLDM Enterprise

15. NAASÓN JOAQUÍN GARCÍA, ROSA SOSA, AZALIA RANGEL GARCÍA, EVA GARCÍA DE JOAQUÍN, JORAM NÚÑEZ JOAQUÍN, and SILEM GARCÍA PEÑA, the defendants, and others known and unknown, were members and associates of a criminal organization (the "Joaquín LLDM Enterprise" or the "Enterprise") that operated in Mexico, California, New York (including Manhattan), Nevada, Texas, Georgia, Indiana, North Carolina, South Carolina, New Jersey, Washington D.C., and elsewhere. Members and associates of the

Joaquín LLDM Enterprise engaged in, among other activities, sex trafficking; inducement of children and adults to travel to engage in unlawful sex acts; production, receipt, distribution, and possession of child pornography; forced labor; structuring; bulk cash smuggling; and obstruction of justice.

16. The Joaquín LLDM Enterprise, including its leaders, members, and associates, constituted an "enterprise," as defined by Title 18, United States Code, Section 1961(4), that is, a group of individuals associated in fact that engaged in, and the activities of which affected, interstate and foreign commerce. The Joaquín LLDM Enterprise constituted an ongoing organization whose members functioned as a continuing unit for a common purpose of achieving the objectives of the Joaquín LLDM Enterprise.

17. NAASÓN JOAQUÍN GARCÍA, the defendant, was a member of the Joaquín LLDM Enterprise and participated in unlawful and other activities in furtherance of the conduct of the Joaquín LLDM Enterprise's affairs. At various times relevant to the Indictment, including from in or about December 2014 through the present, NAASÓN was the Apostle of the LLDM Church, the leader of the Enterprise, and the principal beneficiary of the Enterprise's criminal activity.

18. ROSA SOSA, the defendant, was a member of the Joaquín LLDM Enterprise and participated in unlawful and other activities in furtherance of the conduct of the Joaquín LLDM Enterprise's affairs. At various times relevant to the Indictment, SOSA facilitated and participated in NAASÓN's and Samuel's abuse of women and children, including by inducing, persuading, coercing, and preparing victims to be sexually abused by NAASÓN and Samuel, and by directing and organizing victims to solicit other LLDM Church members whom NAASÓN and Samuel could sexually abuse.

19.  AZALIA RANGEL GARCÍA, the defendant, was a member of the Joaquín LLDM Enterprise and participated in unlawful and other activities in furtherance of the conduct of the Joaquín LLDM Enterprise's affairs.  At various times relevant to the Indictment, RANGEL GARCÍA facilitated and participated in NAASÓN's abuse of women and children, including by forcing, inducing, persuading, coercing, and preparing victims to be sexually abused by NAASÓN, and by directing and organizing victims to solicit other LLDM Church members whom NAASÓN could sexually abuse.

20.  EVA GARCÍA DE JOAQUÍN, the defendant, was a member of the Joaquín LLDM Enterprise and participated in unlawful and other activities in furtherance of the conduct of the Joaquín LLDM Enterprise's affairs.  At various times relevant to the Indictment, GARCÍA DE JOAQUÍN facilitated and participated in Samuel's abuse of girls and women.  GARCÍA DE JOAQUÍN was Samuel's wife and NAASÓN's mother.

21.  JORAM NÚÑEZ JOAQUÍN, the defendant, was a member and associate of the Joaquín LLDM Enterprise and participated in unlawful and other activities in furtherance of the conduct of the Joaquín LLDM Enterprise's affairs.  At various times relevant to the Indictment, NÚÑEZ JOAQUÍN falsely held himself out as a lawyer working on behalf of the LLDM Church, and he used that professional title to prevent, and to attempt to prevent, victims of the Apostles' sexual abuse from reporting the abuse to law enforcement.

22.  SILEM GARCÍA PEÑA, the defendant, was a member and associate of the Joaquín LLDM Enterprise and participated in unlawful and other activities in furtherance of the conduct of the Joaquín LLDM Enterprise's affairs.  At various times relevant to the Indictment, GARCÍA PEÑA acted as the head of public relations for NAASÓN and the LLDM Church and used that role to prevent victims of the Apostles' sexual abuse from reporting the abuse to law enforcement.

## Purposes of the Joaquín LLDM Enterprise

23. The purposes of the Joaquín LLDM Enterprise included the following:

a. Sexually gratifying each of Aarón, Samuel, and NAASÓN JOAQUÍN GARCÍA, the defendant, when each served as Apostle and leader of s the Joaquín LLDM Enterprise, including through the exploitation of children and women and the creation of sexually explicit photographs and videos of children.

b. Enabling NAASÓN and other members and associates of the Joaquín LLDM Enterprise to engage in unlawful acts, including sexual violence; sex trafficking; forced labor; coercion and enticement to engage in unlawful sexual activity; structuring; bulk cash smuggling; and other crimes, as well as concealing the commission of such acts.

c. Enriching certain members and associates of the Joaquín LLDM Enterprise, and in particular each of its leaders, including NAASÓN JOAQUÍN GARCÍA, the defendant, and members of his family.

d. Securing absolute loyalty and obedience from members of the Joaquín LLDM Enterprise and the LLDM Church, including through manipulation and coercion.

e. Preserving, protecting, promoting, and enhancing the power and influence of the Joaquín LLDM Enterprise and its members and associates through coercion, violence, threats of violence, and emotional, physical, and sexual abuse.

f. Protecting the Joaquín LLDM Enterprise and its members and associates, including NAASÓN, from detection and prosecution by law enforcement authorities through acts of intimidation, manipulation, destruction of evidence, and threats of retaliation against individuals who witnessed the crimes committed by members and associates of the Joaquín LLDM Enterprise.

Means and Methods of the Joaquín LLDM Enterprise

24.    Among the means and methods by which the members and associates conducted and participated in the conduct of the affairs of the Joaquín LLDM Enterprise were the following:

a.    Each Apostle of the Joaquín LLDM Enterprise, including NAASÓN JOAQUÍN GARCÍA, the defendant, together with other members of the Joaquín LLDM Enterprise, wielded the power and influence of the LLDM Church to lure, manipulate, and coerce minor and adult victims into the Apostle's orbit, often under the guise of serving the Apostle to receive religious blessings. ROSA SOSA, AZALIA RANGEL GARCÍA, and EVA GARCÍA DE JOAQUÍN, the defendants, and other members of the Joaquín LLDM Enterprise, acted at the direction of NAASÓN and his father, Samuel, to use force, threats of force, coercion, and fraud to cause victims, including Minor Victim-1, Minor Victim-2, Minor Victim-3, Minor Victim-4, Minor Victim-5, Victim-6, Victim-7, Minor Victim-8, Minor Victim-9, and Minor Victim-10, to engage in commercial sex acts. On account of these sex acts, NAASÓN, SOSA, RANGEL GARCÍA, and GARCÍA DE JOAQUÍN, among other members of the Enterprise, provided the victims with, among other things, housing, travel, the promise of religious blessings and eternal salvation, tickets to concerts and amusement parks, and the avoidance of eternal damnation. SOSA, RANGEL GARCÍA, and others also received powerful positions in the Joaquín LLDM Enterprise on account of their facilitation of, and participation in, the Joaquín LLDM Enterprise's sex trafficking, and on account of their requiring the victims to engage in sex acts with the Apostle and with others at the Apostle's direction.

b.    Members of the Joaquín LLDM Enterprise, including NAASÓN, SOSA, RANGEL GARCÍA, and GARCÍA DE JOAQUÍN, facilitated the Enterprise's sex trafficking scheme by taking steps to ensure that NAASÓN and his father had access to victims who they

10

could sexually abuse at will. NAASÓN, SOSA, RANGEL GARCÍA, GARCÍA DE JOAQUÍN, and others directed many of the victims to reside in the Apostle's homes in Guadalajara, Mexico, and Los Angeles, California, whenever NAASÓN or his father was staying in one of those homes. While residing with NAASÓN, the victims were provided with housing and food at the Apostle's expense.

      c.    Members of the Joaquín LLDM Enterprise, including NAASÓN, SOSA, RANGEL GARCÍA, and GARCÍA DE JOAQUÍN, used coercion and force to cause the victims to engage in commercial sex acts. NAASÓN and his coconspirators maintained control over the victims by manipulating and abusing the culture of the LLDM Church, which taught absolute obedience and devotion to the Apostle. Many of the victims had been members of the LLDM Church since they were young children; in some cases, victims' families had been LLDM Church members for generations before the victims were born. Having been raised in the LLDM Church, the victims believed that serving the Apostle would lead to religious blessings, whereas questioning, doubting, or disobeying the Apostle was a sin that could lead to eternal damnation, and leaving the LLDM Church would mean the end of any relationship with family members or friends inside the LLDM Church. As a result, NAASÓN, SOSA, RANGEL GARCÍA, GARCÍA DE JOAQUÍN, and others were able to manipulate and coerce victims to engage in commercial sex acts by holding out the promise of blessings if they submitted to the abuse and the threat of ostracization and eternal damnation if they resisted NAASÓN or his father. On many occasions, those threats and acts of manipulation were sufficient to cause victims to engage in commercial sex acts. On other occasions, NAASÓN, RANGEL GARCÍA, GARCÍA DE JOAQUÍN, and others used, and aided and abetted the use of, physical force to restrain and rape victims.

d.      Members of the Joaquín LLDM Enterprise, including NAASÓN, SOSA, RANGEL GARCÍA, and GARCÍA DE JOAQUÍN, also directed many of the victims, including Minor Victim-1, Minor Victim-2, Minor Victim-4, Minor Victim-5, Victim-6, and Victim-7, to travel with NAASÓN and Samuel whenever they traveled from Los Angeles, California, and Mexico to various destinations within the United States, including New York, New York, and around the world, including to Malaysia, the United Kingdom, Spain, Portugal, Poland, South Africa, Australia, and elsewhere, so that the Apostle could abuse the victims whenever he wanted. SOSA, RANGEL GARCÍA, GARCÍA DE JOAQUÍN, and other LLDM Church members working at the direction of NAASÓN or his father would book travel and hotel accommodations for the victims for these trips. NAASÓN and his father sexually abused and raped victims during these trips, often with the direct assistance of SOSA, RANGEL GARCÍA, GARCÍA DE JOAQUÍN, and others.

e.      Members of the Joaquín LLDM Enterprise, including NAASÓN, SOSA, and RANGEL GARCÍA, communicated and directed others to communicate with minor victims in Los Angeles, California, Mexico, and elsewhere, including Minor Victim-8, Minor Victim-9, Minor Victim-10, and Minor Victim-11, by cellphone through calls and messaging applications to direct them to come to particular locations at particular times so that NAASÓN could sexually abuse the minor victims, cause other adults to sexually abuse the minor victims for NAASÓN's sexual gratification, and create photographs and video recordings of the minor victims engaging in sexually explicit conduct.

f.      Members of the Joaquín LLDM Enterprise, including NAASÓN and RANGEL GARCÍA, manipulated and coerced minor victims in Los Angeles, California, Mexico, and elsewhere, including Minor Victim-8, Minor Victim-9, Minor Victim-10, Minor Victim-11,

Minor Victim-12, and Minor Victim-13, to engage in sexually explicit conduct for the purpose of producing photographs and videos of such conduct for NAASÓN's sexual gratification. At NAASÓN's direction, RANGEL GARCÍA and others used cellphones and other recording equipment to capture these photographs and videos containing child pornography, and then sent the photographs and videos to NAASÓN through cellphone messaging applications and internet communications. NAASÓN directed many details of these photographs and videos, requiring the groomers to ensure the minor victims removed all body hair, including pubic hair, and providing explicit instructions on the particular sex acts he wanted the minor victims to engage in. NAASÓN stored these photographs and videos on his cellphone, iPad, computers, and external hard drives that he carried with him so that he could access the child pornography whenever he wanted, including during NAASÓN's interstate and international trips, including trips to New York, New York, and trips that included flights that passed over the waters of the Southern District of New York.

g. Members and associates of the Joaquín LLDM Enterprise, including NAASÓN, SOSA, RANGEL GARCÍA, and GARCÍA DE JOAQUÍN, maintained control over certain members of the LLDM Church, including victims of the Apostle's sexual abuse, whom they forced to work long hours with little sleep and without pay, by manipulating and coercing them through the Enterprise's corruption of LLDM Church doctrine. These members of the LLDM Church believed that they would suffer ostracization and eternal damnation if they did not comply with their work orders. Victims were required not only to engage in sex acts with NAASÓN on demand but also to clean NAASÓN's homes in Los Angeles, California, Mexico, and elsewhere; serve NAASÓN and members of the Joaquín Family at the table; pack and unpack

their belongings for any trips; and generally cater to NAASÓN's every need without financial compensation.

        h.      When victims, witnesses to the abuse, and other members of the LLDM Church threatened the Apostle's authority and reputation, members and associates of the Joaquín LLDM Enterprise, including NAASÓN, JORAM NÚÑEZ JOAQUÍN, and SILEM GARCÍA PEÑA, the defendants, engaged in and directed acts and threats of violence, and threats of reputational harm and ostracization in Los Angeles, California, Mexico, and elsewhere.

        i.      Members and associates of the Joaquín LLDM Enterprise, including NAASÓN and other members of the Joaquín Family, obtained significant wealth through the LLDM Church, including by using LLDM Church members' tithes and other cash offerings for the Joaquín Family's personal benefit. Senior members of the LLDM Church collected the cash from various LLDM Church locations and transported it to storage locations until it was to be used for the Apostle's personal benefit. At NAASÓN's direction, his groomers caused the cash to move across state and international lines (including between the United States, Mexico, and Canada, among other places) by giving it to victims who were traveling with NAASÓN. Victims were typically given just under $10,000 to avoid reporting requirements. After arriving at NAASÓN's destination, members of the Enterprise would collect the cash from the victims, and NAASÓN and other members of the Joaquín Family would use the cash for their personal benefit.

        j.      Members and associates of the Joaquín LLDM Enterprise, including NAASÓN and other members of the Joaquín Family, also caused other members of the LLDM Church to act as straw purchasers of houses and other assets in various locations in the United States and in Mexico to avoid owning such properties in their own names. NAASÓN and other members and associates of the Joaquín LLDM Enterprise would identify members of the LLDM

Church who were creditworthy and direct those members to apply for mortgages to purchase property in their own names. Those members would then submit false mortgage applications to banks in the United States to purchase specific properties, despite knowing that NAASÓN and other members of the Joaquín Family would be the true owners of the properties.

k. When NAASÓN's authority and reputation were threatened by negative publicity following his arrest on state sex abuse charges in California in or around June 2019, members and associates of the Joaquín LLDM Enterprise, including NÚÑEZ JOAQUÍN and GARCÍA PEÑA pressured witnesses and victims to not cooperate with law enforcement, including by pressuring victims to sign false declarations disclaiming any abuse, by repeatedly directing pastors of the LLDM Church to deliver sermons calling victims who had come forward liars, and by directing LLDM Church members not to report any other accusations of abuse and cut off contact with victims who spoke out. NÚÑEZ JOAQUÍN and others also collected and destroyed physical and documentary evidence of NAASÓN's abuse and other crimes to conceal it from law enforcement.

## THE RACKETEERING CONSPIRACY

25. From at least on or about October 15, 1970, through at least in or about August 2025, in the Southern District of New York and elsewhere, NAASÓN JOAQUÍN GARCÍA, ROSA SOSA, AZALIA RANGEL GARCÍA, EVA GARCÍA DE JOAQUÍN, JORAM NÚÑEZ JOAQUÍN, and SILEM GARCÍA PEÑA, the defendants, and others known and unknown, being persons employed by and associated with the Joaquín LLDM Enterprise, an enterprise engaged in, and the activities of which affected, interstate and foreign commerce, knowingly combined, conspired, confederated, and agreed together and with each other to violate Title 18, United States Code, Section 1962(c), that is, to conduct and participate, directly and indirectly, in the conduct of

15

the affairs of the Joaquín LLDM Enterprise through a pattern of racketeering activity, as defined in Title 18, United States Code, Sections 1961(1) and 1961(5), which pattern of racketeering activity consisted of:

      a.      multiple acts indictable under Title 18, United States Code, Sections 1591 and 2 (relating to trafficking in persons);

      b.      multiple acts indictable under Title 18, United States Code, Sections 2421, 2422 and 2 (relating to transportation and inducement to travel for purposes of engaging in unlawful sexual activity and enticement of minors to engage in unlawful sexual activity);

      c.      multiple acts indictable under Title 18, United States Code, Sections 2423 and 2 (relating to travel to engage in illicit sexual conduct and engaging in illicit sexual conduct abroad);

      d.      multiple acts indictable under Title 18, United States Code, Sections 2251, 2252, and 2 (relating to sexual exploitation of children);

      e.      multiple acts indictable under Title 18, United States Code, Sections 1589 and 2 (relating to forced labor);

      f.      multiple acts indictable under Title 18, United States Code, Sections 1344 and 2 (relating to financial institution fraud); and

      g.      multiple acts indictable under the Currency and Foreign Transactions Reporting Act, Title 31, United States Code, Sections 5324, 5332, and 2 (relating to structuring and bulk cash smuggling).

26.      It was a part of the conspiracy that NAASÓN JOAQUÍN GARCÍA, ROSA SOSA, AZALIA RANGEL GARCÍA, EVA GARCÍA DE JOAQUÍN, JORAM NÚÑEZ JOAQUÍN, and

SILEM GARCÍA PEÑA, the defendants, agreed that a conspirator would commit at least two acts of racketeering activity in the conduct of the affairs of the Joaquín LLDM Enterprise.

## NOTICE OF SPECIAL SENTENCING FACTORS

27.    In or about May and June 2015, in the Southern District of New York, the District of New Jersey, and elsewhere, NAASÓN JOAQUÍN GARCÍA and AZALIA RANGEL GARCÍA, the defendants, knowingly, in and affecting interstate and foreign commerce, recruited, enticed, harbored, transported, provided, obtained, advertised, maintained, patronized, and solicited by any means a person, to wit, Victim-7, knowing and in reckless disregard of the fact that means of force, threats of force, fraud, and coercion, as described in Title 18, United States Code, Section 1591(e)(2), and any combination of such means, would be used to cause the person to engage in a commercial sex act, and aided and abetted, and willfully caused the same, in violation of Title 18, United States Code, Sections 1591(a)(1), 1591(b)(1), and 2.

28.    In or about April 2017, in the Central District of California, and elsewhere, NAASÓN JOAQUÍN GARCÍA, AZALIA RANGEL GARCÍA, and EVA GARCÍA DE JOAQUÍN, the defendants, knowingly, in and affecting interstate and foreign commerce, recruited, enticed, harbored, transported, provided, obtained, advertised, maintained, patronized, and solicited by any means a person, to wit, Victim-6, knowing and in reckless disregard of the fact that means of force, threats of force, fraud, and coercion, as described in Title 18, United States Code, Section 1591(e)(2), and any combination of such means, would be used to cause the person to engage in a commercial sex act, and aided and abetted, and willfully caused the same, in violation of Title 18, United States Code, Sections 1591(a)(1), 1591(b)(1), and 2.

29.    In or about July 2017, in the Southern District of New York and elsewhere, NAASÓN JOAQUÍN GARCÍA and AZALIA RANGEL GARCÍA, the defendants, knowingly, in

17

and affecting interstate and foreign commerce, recruited, enticed, harbored, transported, provided, obtained, advertised, maintained, patronized, and solicited by any means a person, to wit, Victim-7, knowing and in reckless disregard of the fact that means of force, threats of force, fraud, and coercion, as described in Title 18, United States Code, Section 1591(e)(2), and any combination of such means, would be used to cause the person to engage in a commercial sex act, and aided and abetted, and willfully caused the same, in violation of Title 18, United States Code, Sections 1591(a)(1), 1591(b)(1), and 2.

(Title 18, United States Code, Sections 1962(d) and 1963(a).)

## COUNT TWO
### (Sex Trafficking Conspiracy)

The Grand Jury further charges:

30. From at least in or about December 2014 through at least in or about August 2025, in the Southern District of New York, the Central District of California, the District of New Jersey, and elsewhere, NAASÓN JOAQUÍN GARCÍA, ROSA SOSA, AZALIA RANGEL GARCÍA, and EVA GARCÍA DE JOAQUÍN, the defendants, and others known and unknown, in and affecting interstate and foreign commerce, knowingly combined, conspired, confederated and agreed together and with each other to violate Title 18, United States Code, Section 1591.

31. It was a part and an object of the conspiracy that NAASÓN JOAQUÍN GARCÍA, ROSA SOSA, AZALIA RANGEL GARCÍA, and EVA GARCÍA DE JOAQUÍN, the defendants, and others known and unknown, would and did, recruit, entice, harbor, transport, provide, obtain, and maintain by any means persons, knowing, and in reckless disregard of the fact, that means of force, threats of force, fraud, and coercion, as described in Title 18, United States Code, Section 1591(e)(2), and any combination of such means, would be used to cause the persons to engage in commercial sex acts, in violation of Title 18, United States Code, Sections 1591(a)(1) and (b)(1),

18

to wit, NAASÓN, SOSA, RANGEL GARCÍA, GARCÍA DE JOAQUÍN, and others known and unknown, agreed to traffic LLDM Church members, including Minor Victim-5, Victim-6, Victim-7, Minor Victim-8, Minor Victim-9, and Minor Victim-10, knowing and in reckless disregard of the fact that they would be caused to engage in commercial sex acts through force, threats of force, fraud, and coercion, as further described above in paragraphs 11 and 24.a through 24.d.

32.    It was further a part and an object of the conspiracy that NAASÓN JOAQUÍN GARCÍA and AZALIA RANGEL GARCÍA, the defendants, and others known and unknown, would and did, recruit, entice, harbor, transport, provide, obtain, and maintain by any means persons, knowing, and in reckless disregard of the fact, that the persons had not attained the age of 18 years and would be caused to engage in a commercial sex act, and having had reasonable opportunities to observe such persons, in violation of Title 18, United States Code, Sections 1591(a)(1), (b)(2), and (c), to wit, NAASÓN and RANGEL GARCÍA, and others known and unknown, agreed to traffic LLDM Church members who were older than fourteen years old and younger than eighteen years old, including Minor Victim-8, Minor Victim-9, Minor Victim-10, and Minor Victim-11, knowing and in reckless disregard of the fact that they would be caused to engage in commercial sex acts, as further described above in paragraphs 11, 24.a through 24.c, and 24.e through 24.f.

(Title 18, United States Code, Section 1594(c).)

## COUNT THREE
### (Sex Trafficking by Force, Fraud, and Coercion)
### (Victim-7)

The Grand Jury further charges:

33. In or about July 2017, in the Southern District of New York and elsewhere, NAASÓN JOAQUÍN GARCÍA and AZALIA RANGEL GARCÍA, the defendants, in and affecting interstate and foreign commerce, knowingly recruited, enticed, harbored, transported, provided, obtained, advertised, maintained, patronized, and solicited by any means a person, knowing and in reckless disregard of the fact that means of force, threats of force, fraud, and coercion, as described in Title 18, United States Code, Section 1591(e)(2), and any combination of such means, would be used to cause the person to engage in a commercial sex act, and aided and abetted, and willfully caused the same, to wit, NAASÓN and RANGEL GARCÍA trafficked Victim-7 knowing and in reckless disregard of the fact that Victim-7 was being caused to engage in the commercial sex act as a result of force, threats of force, fraud, and coercion, and a combination of such means, as further described above in paragraphs 11, 24.a through 24.d, and 29.

(Title 18, United States Code, Sections 1591(a) and (b)(1), and 2.)

## COUNT FOUR
### (Inducement to Travel to Engage in Unlawful Sexual Activity)
### (Victim-7)

The Grand Jury further charges:

34. In or about July 2017, in the Southern District of New York and elsewhere, NAASÓN JOAQUÍN GARCÍA and AZALIA RANGEL GARCÍA, the defendants, knowingly persuaded, induced, enticed, and coerced an individual to travel in interstate and foreign commerce to engage in sexual activity for which a person can be charged with a criminal offense, and attempted, aided and abetted, and willfully caused the same, to wit, NAASÓN and RANGEL

20

GARCÍA, persuaded, induced, enticed, and coerced Victim-7 to travel from South Africa to New York, New York, so that NAASÓN and RANGEL GARCÍA could engage and attempt to engage in unlawful sexual activity with Victim-7, in violation of New York Penal Law §§ 130.35, 130.50, 130.25, 130.40, 130.55, and 130.52.

(Title 18, United States Code, Sections 2422(a) and 2.)

## COUNT FIVE
### (Conspiracy to Sexually Exploit Children)

The Grand Jury further charges:

35.     From at least in or about December 2014 through at least in or about June 2019, in the Southern District of New York and elsewhere, NAASÓN JOAQUÍN GARCÍA and AZALIA RANGEL GARCÍA, the defendants, and others known and unknown, knowingly combined, conspired, confederated and agreed together and with each other to violate Title 18, United States Code, Section 2251(a).

36.     It was a part and an object of the conspiracy that NAASÓN JOAQUÍN GARCÍA and AZALIA RANGEL GARCÍA, the defendants, and others known and unknown, would and did, employ, use, persuade, induce, entice, and coerce minors to engage in sexually explicit conduct for the purpose of producing visual depictions of such conduct and for the purpose of transmitting live visual depictions of such conduct, knowing and having reason to know that such visual depictions would be transported and transmitted using a means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce and mailed, and such visual depictions were produced and transmitted using materials that had been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means including by computer, and such visual depictions were transported and transmitted using a means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce and

21

mailed, to wit, NAASÓN and RANGEL GARCÍA agreed to induce, use, persuade, entice, and coerce minor victims, including Minor Victim-8, Minor Victim-9, Minor Victim-10, Minor Victim-11, Minor Victim-12, and Minor Victim-13, each of whom was under the age of eighteen years, to engage in sexually explicit conduct for the purpose of creating sexually explicit photographs and videos that were transmitted to NAASÓN via email and cellphone messaging applications for NAASÓN's sexual gratification, and which NAASÓN and RANGEL GARCÍA transported, among other occasions, in or about June 2015 on a flight from Portugal to Newark, New Jersey, that passed over the waters of the Southern District of New York, and in or about July 2017 from South Africa to New York, New York, as further described above in paragraphs 11 and 24.f.

(Title 18, United States Code, Sections 2251(a) and (e).)

## COUNT SIX
### (Child Exploitation Enterprise)

The Grand Jury further charges:

37. From at least in or about December 2014 through at least in or about June 2019, in the Southern District of New York and elsewhere, NAASÓN JOAQUÍN GARCÍA and AZALIA RANGEL GARCÍA, the defendants, and others known and unknown, knowingly engaged in a child exploitation enterprise, that is, the defendants violated Section 1591, Chapter 110 (except for sections 2257 and 2257A), and Chapter 117 (involving a minor victim) of Title 18 of the United States Code, and did so as part of a series of felony violations constituting three and more separate incidents and involving more than one victim, and in concert with three and more other persons, to wit, NAASÓN, RANGEL GARCÍA, and others known and unknown committed a litany of felony offenses against multiple minor victims, including Minor Victim-8, Minor Victim-9, Minor

Victim-10, Minor Victim-11, Minor Victim-12, and Minor Victim-13, including but not limited to felony violations of:

a.      Title 18, United States Code, Sections 1591(a), (b)(1), (b)(2), (c), and 2, to wit, in the Central District of California and elsewhere, NAASÓN JOAQUÍN GARCÍA and AZALIA RANGEL GARCÍA, the defendants, in and affecting interstate and foreign commerce, knowingly recruited, enticed, harbored, transported, provided, obtained, and maintained by any means persons, knowing, and in reckless disregard of the fact, that the persons had not attained the age of 18 years and would be caused to engage in a commercial sex act, and having had reasonable opportunities to observe such persons, and aided and abetted, and willfully caused, the same, by, acting together and with at least one other person, trafficking LLDM Church members who were less than eighteen years old to engage in commercial sex acts with NAASÓN, as further described above in paragraphs 11 and 24.a through 24.c, including but not limited to on the following dates involving the following minor victims:

| Defendant | Minor Victim | Approximate Dates |
|---|---|---|
| NAASÓN JOAQUÍN GARCÍA | Minor Victim-8 | 2017 to 2018 |
| | Minor Victim-9 | 2017 to 2018 |
| | Minor Victim-10 | 2017 to 2018 |
| | Minor Victim-11 | May 6, 2019 |
| AZALIA RANGEL GARCÍA | Minor Victim-8 | 2017 to 2018 |
| | Minor Victim-9 | 2017 to 2018 |
| | Minor Victim-10 | 2017 to 2018 |
| | Minor Victim-11 | May 6, 2019 |

b.      Title 18, United States Code, Sections 2251(a) and 2, to wit, in the Southern District of New York, the Central District of California, and elsewhere, NAASÓN JOAQUÍN

GARCÍA and AZALIA RANGEL GARCÍA, the defendants, employed, used, persuaded, induced, enticed, and coerced a minor to engage in sexually explicit conduct, for the purpose of producing a visual depiction of such conduct, knowing and having reason to know that such visual depiction would be transported and transmitted using a means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce and mailed, and the visual depiction was produced and transmitted using materials that had been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means, including by computer, and the visual depiction was actually transported and transmitted using a means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce and mailed, and aided and abetted, and willfully caused, the same, by, acting together and with at least one other person, employing, using, persuading, inducing, enticing, and coercing LLDM Church members who were less than eighteen years old to engage in sexually explicit conduct, capturing photographs and videos depicting that sexually explicit conduct using cellphones, cameras, and other recording equipment, and transmitting such photographs and videos to NAASÓN through email, cellphone messaging applications, and internet communications, as further described above in paragraphs 11 and 24.f, including but not limited to on the following dates involving the following minor victims:

| Defendant | Minor Victim | Approximate Dates |
|---|---|---|
| NAASÓN JOAQUÍN GARCÍA | Minor Victim-8 | December 28, 2017 |
| | | January 1, 2018 |
| | | January 15, 2018 |
| | Minor Victim-9 | October 28, 2017 |
| | | December 26, 2017 |
| | | December 28, 2017 |
| | | January 1, 2018 |

| Defendant | Minor Victim | Approximate Dates |
|---|---|---|
| | | January 15, 2018 |
| | Minor Victim-10 | December 28, 2017 |
| | | January 1, 2018 |
| | | January 15, 2018 |
| | Minor Victim-11 | May 6, 2019 |
| | Minor Victim-12 | May 23, 2016 |
| | | June 24, 2016 |
| | | December 25, 2016 |
| | | January 9, 2017 |
| | | March 11, 2017 |
| | Minor Victim-13 | January 1, 2018 |
| | | January 15, 2018 |
| AZALIA RANGEL GARCÍA | Minor Victim-11 | May 6, 2019 |

    c.       Title 18, United States Code, Sections 2422(b), 2427, and 2, to wit, in the Central District of California and elsewhere, NAASÓN JOAQUÍN GARCÍA and AZALIA RANGEL GARCÍA, the defendants, knowingly, using a facility and means of interstate and foreign commerce, persuaded, induced, enticed, and coerced individuals who had not attained the age of 18 years to engage in sexual activity for which a person can be charged with a criminal offense, and attempted to do so, and aided and abetted, and willfully caused, the same, by, acting together and with at least one other person, through the use of cellphones, persuading, inducing, enticing, and coercing LLDM Church members who were less than eighteen years old, including but not limited to Minor Victim-8, Minor Victim-9, Minor Victim-10, Minor Victim-11, Minor Victim-12, and Minor Victim-13, to engage in unlawful sexual activity with NAASÓN, to engage

in unlawful sexual activity with other adults for NAASÓN's sexual gratification, and to engage in sexually explicit conduct that was recorded using cellphones, cameras, and other recording equipment, in violation of Title 18, United States Code, Section 2251(a), California Penal Code §§ 261.5(a), (c), and (d) (2011), California Penal Code §§ 287(a), (b)(1), (b)(2), and (c)(2)(C) (2019), California Penal Code §§ 288(c)(1) (2010), and California Penal Code §§ 288a(a), (b)(1), (b)(2), and (c)(2)(C) (2013), as further described above in paragraphs 11 and 24.e through 24.f.

          d.        Title 18, United States Code, Sections 2252A(a)(5)(B) and 2, to wit, in the Southern District of New York, the Central District of California, and elsewhere, NAASÓN JOAQUÍN GARCÍA and AZALIA RANGEL GARCÍA, the defendants, knowingly possessed and accessed with intent to view a book, magazine, periodical, film, videotape, computer disk, and other material that contained an image of child pornography that had been mailed, shipped and transported using a means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce by any means, including by computer, and that was produced using materials that had been mailed, shipped and transported in and affecting interstate and foreign commerce by any means, including by computer, and aided and abetted, and willfully caused, the same, by, acting together and with at least one other person, possessing photographs and videos of minors engaging in sexually explicit conduct that had been saved to NAASÓN's electronic storage devices (1) in or about June 2015, on a flight from Portugal to Newark, New Jersey, that passed over the waters of the Southern District of New York, (2) in or about July 2017,

in New York, New York, and (3) in or about June 2019, in Los Angeles, California, among other occasions.

(Title 18, United States Code, Sections 2252A(g).)

## FORFEITURE ALLEGATIONS

38. As a result of committing the offense alleged in Count One of this Indictment, NAASÓN JOAQUÍN GARCÍA, ROSA SOSA, AZALIA RANGEL GARCÍA, EVA GARCÍA DE JOAQUÍN, JORAM NÚÑEZ JOAQUÍN, and SILEM GARCÍA PEÑA, the defendants, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 1963, any and all interests the defendants acquired or maintained in violation of Title 18, United States Code, Section 1962; any and all interests in, securities of, claims against, and property or contractual rights of any kind affording a source of influence over, the enterprise named and described herein which the defendants established, operated, controlled, conducted, and participated in the conduct of, in violation of Title 18, United States Code, Section 1962; and any and all property constituting and derived from proceeds obtained, directly and indirectly, from the offense alleged in Count One of this Indictment including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offense and the following specific property (collectively, the "Specific Property"):

a.    112 North Arizona Avenue, Los Angeles, California 90022

b.    113 North Arizona Avenue, Los Angeles, California 90022

c.    112 North Dangler Avenue, Los Angeles, California 90022

d.    28899 San Timoteo Canyon Road, Redlands, California 92373

e.    Apple iPad with keyboard/case, Serial: DLXWM1AUHPJ4

f.    Apple iPhone with black cover and no visible serial number

g.     White Apple iPhone in a pink case with no visible serial number

h.     Gold Apple iPhone, Serial: DCYQQ3A26K61

i.     Two Kingston Hyper Predator 1 terabyte thumb drives

j.     Kingston Hyper Predator 512 gigabyte thumb drive

k.     Two Sandisk Cruzer Glide 32 gigabyte thumb drives

l.     Sandisk Cruzer Glide 64 gigabyte thumb drive

m.     Maxel 4 gigabyte thumb drive

n.     HP 32 gigabyte thumb drive

o.     Kingston DTSE9 32 gigabyte thumb drive

p.     Black Apple iPhone with cracked screen and no visible serial number

q.     Apple laptop, Serial: C02T815HH3QD

r.     Seagate DirecTV hard drive, Serial: NA7090F8

s.     DirecTV Receiver Model H44-500, Serial: D44HA4RWXG0117

t.     Spectrum Box Model E31T2V1, Serial: 330539463

u.     Apple iPhone Model A1533, IMEI: 013849000254529

v.     Nokia cellphone Model E72-2, IMEI: 356030033108736

w.     Apple iPhone Model A1428, IMEI: 013431007157565

x.     Apple 64 gigabyte iPad Model A1430, Serial: DMPJ69SBDVGJ

y.     Apple iPad Model A1432 with cracked screen, Serial: F7PL7DJSF196

z.     Apple iPhone Model A1522, IMEI: 354392063390523

aa.     BMW thumb drive

bb.     Compact disc with "FOTOS PARA SILAO" written on it

cc.     Nokia cellphone E-series, IMEI: 356030030484163

dd.     Nokia cellphone E-series, IMEI: 356030030326075

ee.     Nokia cellphone E-series, IMEI: 352925020341402

ff.     250 gigabyte external hard drive, Serial: 96200-41001-055

gg.     Kingston DTSE9 silver 8 gigabyte thumb drive

hh.     Staples FC 27988 thumb drive

ii.     Sandisk black 8 gigabyte flash drive

jj.     Apple iMac 26-inch desktop computer with no visible serial number

kk.     Apple TV hard drive Model A1625, Serial: C07T77D7G9RM

39.    As a result of committing the offenses alleged in Counts Two and Three of this Indictment, NAASÓN JOAQUÍN GARCÍA, ROSA SOSA, AZALIA RANGEL GARCÍA, and EVA GARCÍA DE JOAQUÍN, the defendants, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 1594, any and all property, real and personal, involved in, used, or intended to be used to commit or to facilitate the commission of said offense; any and all property, real and personal, constituting or derived from proceeds obtained, directly or indirectly, as a result of said offenses; and any and all property traceable to such property, including but not limited to a sum of money in United States currency representing the amount of property involved in said offenses and proceeds traceable to the commission of said offenses and the Specific Property.

40.    As a result of committing the offense alleged in Count Four of this Indictment, NAASÓN JOAQUÍN GARCÍA and AZALIA RANGEL GARCÍA, the defendants, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 2428, any and all property, real and personal, constituting or derived from proceeds obtained, directly or indirectly, as a result of said offense; and any and all property, real or personal, that was used or intended to be used to

commit or facilitate the commission of said offense, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offense and the Specific Property.

41.     As a result of committing the offenses alleged in Counts Five and Six of this Indictment, NAASÓN JOAQUÍN GARCÍA and AZALIA RANGEL GARCÍA, the defendants, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 2253, any and all property, real and personal, constituting or traceable to gross profits or other proceeds obtained from said offenses and any and all property, real or personal, used or intended to be used to commit or promote the commission of said offenses or traceable to such property, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offenses and the Specific Property.

## Substitute Assets Provision

42.     If any of the above-described forfeitable property, as a result of any act or omission of NAASÓN JOAQUÍN GARCÍA, ROSA SOSA, AZALIA RANGEL GARCÍA, EVA GARCÍA DE JOAQUÍN, JORAM NÚÑEZ JOAQUÍN, and SILEM GARCÍA PEÑA, the defendants:

    a.     cannot be located upon the exercise of due diligence;

    b.     has been transferred or sold to, or deposited with, a third person;

    c.     has been placed beyond the jurisdiction of the Court;

    d.     has been substantially diminished in value; or

    e.     has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p) and Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of the defendant up to the value of the above forfeitable property.

(Title 18, United States Code, Sections 1594, 1963, 2428, 2253;
Title 21, United States Code, Section 853; and
Title 28, United States Code, Section 2461.)

_____

FOREPERSON

_____

JAY CLAYTON

United States Attorney